*568 OPINION.
Lansdon:
The respondent asserts deficiencies and penalties for each of the years here involved, and bases his action on the method of dual bank deposits practiced by the petitioner. It appears, however, that upon final audit, after conference with the petitioner, he conceded that the greater part of the amounts evidenced by duplicate deposit tickets was not income. He still contends that the amounts of $2^550 and $8,800 were income in the years 1920 and 1922, and that the petitioner has not proved that the interest received from Liberty Loan bonds was tax exempt. These are the principal items now in controversy.
The evidence is clear that the petitioner received cash gifts from his father in the years 1920 and 1922, in the respective amounts claimed. The respondent erroneously included these amounts in the petitioner’s income for such years.
We are convinced that the petitioner received interest on Second, Third, and Fourth Liberty Loan bonds in the years 1921, 1922, and 1923, in the respective amounts of $183.84, $546.50-, and $734.21. This income is not subject to normal tax rates. Its liability for surtaxes, if any, should be determined under Rule 50, in conformity with the law and the regulations of the Commissioner.
The petitioner claims other deductions from income as determined by the respondent on account of expenses paid in cash, contributions taxes, and recovered capital. The evidence as to these claims is not clear. He admits that there were duplications in the entries in the pocket memoranda of expenses that he kept, and also, that he is not certain as to the nature of some of the deductions claimed. We are unable to make any findings of fact as to these various items sufficient to overcome the determination of the respondent.
The penalties for fraud are predicated on the theory that the petitioner maintained his peculiar system of bank deposits for the purpose of covering up income and evading tax liability. The record shows that, with the exception of the interest from Liberty Loan bonds, the respondent has either conceded or the petitioner has *569 proved that substantially all the amounts represented by the deposit tickets but never entered on the passbook or reported as income -were nonincome items. We have found that the amounts of $2,550 and $8,800, added by the respondent to income for the respective years 1920 and 1922, were gifts and therefore not taxable as income under laws in effect at such times. The interest on Liberty bonds, as well as the income from foreign and domestic stocks and bonds, should have been included in gross income with proper adjustments for tax exemption and taxes paid at source of income.
It is perfectly obvious that the petitioner had a very inadequate system of accounting, but we are convinced that he did not willfully or fraudulently understate his income for any of the taxable years. The penalties for fraud are disallowed.
Reviewed by the Board.

Judgment-will be entered on 10 days' notice, wider Rule 50.